## Commonwealth v. Matthews

*Howard R. Berninger*, District Attorney, for Commonwealth.

*Smith, Eves & Keller*, for defendant.

KREISHER, J., July 17, 1964.—Defendant was arrested for speeding on the Bloomsburg-Berwick three-lane highway. He waived a hearing before the justice of the peace and the testimony taken in open court has been transcribed and filed, so the matter is before us for disposition.

Defendant admits the violation, but seeks to be excused under section 841 of the Military Code of 1949, P. L. 1903, 51 PS §1-841, which provides:

"No officer or enlisted man shall be arrested on any warrant, except for treason or felony, while going to, remaining at, or returning from, a place where he is ordered to attend for military duty."

This court has passed upon this act in the case of Commonwealth v. Weber, 30 D. & C. 2d 287, and we held an officer returning from a summer encampment was not subject to arrest for speeding.

Defendant in the present case is an employe and resident in the Town of Bloomsburg, this county. He is also a member of the Pennsylvania National Guard with a rank of Sergeant E-6. On the day in question a civil defense alert was scheduled for 7 p.m. at the Berwick Armory. However, at approximately 5:35 p.m. a fellow guardsman appeared at his home and informed him the time of the alert was changed to 6 p.m. The Berwick Armory being approximately 12 miles distant, they took off immediately and maintained a high rate of speed, because they were required to change from civilian clothes to army dress after reaching their lockers at the Armory.

The vehicle code enacted by our legislature contains rules of the road in the interest of safety to minimize the possibility of accidents and should apply with equal force to all persons for our own general welfare.

The Military Code enacted by our legislature contains the above quoted exemptions from arrest because of military necessity for the preservation of peace.

It is true, that common sense dictates military personnel should observe the same rules of safety as civilians; however as stated in the Weber Case, supra, this is a legislative problem and not a judicial function.

A National Guardsman is an "enlisted man" in military service and the exoneration section of the Military Code above quoted plainly states, "no enlisted man shall be arrested on any warrant . . . while going to . . . a place where he is ordered to attend for military duty." This language is so broad and general that we are forced to conclude it covers the facts of this case.

*Order of Court*

And now, to wit, this July 17, 1964, the above-cap-

tioned case is dismissed and the costs are placed upon the County of Columbia. The prothonotary is hereby authorized to return defendant's bail less the commission as allowed by law.